# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL ANTHONY KNOX, | CASE NO. 13cv2985-WQH-RBB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| F. CASTANEDA et al, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 34) issued by United States Magistrate Judge Ruben B. Brooks, and the Objection to the Report and Recommendation filed by Defendants (ECF No. 35).

**I. Background**

On December 11, 2013, Plaintiff Michael Anthony Knox commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1).

On March 21, 2016, Defendants F. Castaneda, E. Delgado, G. Mejia, D. Hamilton, W. Enders, and M. Whitman ("Defendants") filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 27). On April 22, 2016, Plaintiff filed a document titled "Plaintiff['s] motion for defense and motion of objection to all of the [Defendants'] points of authority for concerning their [Defendants'] notice of motion and motion to dismiss complaint" (the "Opposition"). (ECF No. 30). On April 22, 2016, Defendants filed a reply. (ECF No. 32).

On November 17, 2016, the Magistrate Judge issued a Report and

1 Recommendation recommending that this Court grant in part and deny in part
2 Defendants' motion to dismiss (ECF No. 27), and terminate Plaintiff's "motion for
3 defense and motion of objection to all of the [Defendants'] points of authority for
4 concerning their [Defendants'] notice of motion and motion to dismiss complaint" (ECF
5 No. 30). (ECF No. 34). On November 29, 2016, Defendants filed an objection. (ECF
6 No. 35). As of the date of this Order, the record reflects that Plaintiff has not filed an
7 objection to the Report and Recommendation or a response to Defendants' Objection
8 to the Report and Recommendation.

## II. Legal Standard

The duties of the district court in connection with a Report and Recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. Discussion

Initially, the Court declines to adopt the portion of the Report & Recommendation addressing the Eighth Amendment claim as it applies to the search of Plaintiff's cell. (ECF No. 34 at 11:27 - 13:3). The Eighth Amendment prohibits searches of prisoner cells "conducted only for 'calculated harassment.'" *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989). However, "[a]fter incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)

(citations omitted).  The Court finds that the facts alleged in this case are not adequate to support an Eighth Amendment claim for calculated harassment relating to the search of Plaintiff's cell.  The motion to dismiss Plaintiff's Eighth Amendment claim arising from the cell search is granted as to all Defendants, with leave to amend.

"Defendants object to the Court's recommendation that 'Defendants' request that the $250,000 damages amount in his Complaint be stricken should be denied with prejudice as to [Plaintiff's] First Amendment claim.'" (ECF No. 35 at 2) (quoting ECF No. 34 at 33).  Defendants "challenged the amount of compensatory damages Plaintiff requested in the Complaint—namely, $250,000" because "Plaintiff alleges no physical injury[.]" *Id.*

Defendants contend that Plaintiff "may recover compensatory . . . damages" for his First Amendment claim "only . . . if he can prove them" by demonstrating the alleged "constitutional deprivation resulted in an injury for which compensation traditionally would have been provided at common law-e.g., physical harm, emotional distress, loss of reputation, or monetary loss." *Id.* at 3.  Defendants contend that Plaintiff's request for compensatory damages "must be stricken because [Plaintiff] can never recover any damages beyond nominal and punitive damages." *Id.* at 4.

Section 1997e(e) of the Prison Reform Litigation Act ("PLRA") states that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e).

The Court of Appeals has held that this section of the PLRA "applies only to claims for mental and emotional injury" – and it does not prevent a prisoner's recovery "for compensatory, nominal or punitive damages [that] are premised on alleged [constitutional] violations, and not on emotional or mental distress suffered as a result of those violations[.]" *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).  Plaintiff may seek "compensatory, nominal or punitive damages premised on violations of his

[constitutional] rights," but only to the extent those damages are "not premised on mental or emotional injury." *Id.*; *Buchanan v. Garza*, Civil No. 08cv1290 BTM (WVG), 2010 WL 4055368, at *6 (S.D. Cal. Oct. 15, 2010) (Moskowitz, J.).

Defendants move to strike the specific dollar amount of compensatory damages requested by Plaintiff in the Complaint because Plaintiff has not identified compensatory damages separate from any alleged emotional or mental injury. *See* ECF No. 35 at 3-4. The Court may strike from a pleading any "immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A damages request in a complaint is not "immaterial" or "impertinent" under Rule 12(f) where the issue of whether damages are recoverable "relates directly to the plaintiff's underlying claim for relief" or "pertains directly to the harm being alleged." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

In this case, Plaintiff may recover compensatory damages for alleged constitutional violations to the extent that those "allegations of constitutional violations [are] not premised on mental or emotional injury" – and regardless of the financial value of those claims. *Buchanan*, 2010 WL 4055368, at *6; *see Cockcroft v. Kirkland*, 548 F. Supp.2d 767, 776-77 (N.D. Cal. 2008) ("The fact that [the plaintiff] never suffered any physical injury as a result of [the defendant's] alleged acts may make his [constitutional] claim of very little financial value but does not make the claim non-existent.").

The Magistrate Judge correctly recommended denying Defendants' motion to strike Plaintiff's claim for $250,000 in compensatory damages at this stage in the proceedings. Defendants' motion to strike Plaintiff's claim for compensatory damages for all of Plaintiff's constitutional violations is denied.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 34) is adopted, with the exception of page 11, line 27 through page 13, line 3; and page 33, lines 11 through 15.

1  IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 27) is GRANTED in part and DENIED in part. Plaintiff's claim for violations of the Eighth Amendment are DISMISSED with leave to amend. Plaintiff's claims under the Fourteenth Amendment are DISMISSED without leave to amend. Defendants' Motion to Dismiss Knox's First Amendment claim with regard to his cell transfer and being confined to quarters is GRANTED with leave to amend. The Motion to Dismiss Plaintiff's First Amendment claim as to his cell search is DENIED as to Defendant Enders and GRANTED as to the remaining Defendants with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's claims for damages against the Defendants in their official capacities is DISMISSED without leave to amend. Plaintiff's claims for injunctive relief against the Defendants are DISMISSED without leave to amend. Defendants' Motion to Dismiss based on qualified immunity is DENIED without prejudice as premature. Defendants' request that the $250,000 damages amount in the Complaint be stricken is DENIED as to Plaintiff's First Amendment claim. This request is DENIED as moot as to Plaintiff's Fourteenth Amendment claim and DENIED with regard to Plaintiff's Eighth Amendment claims.

IT IS FURTHER ORDERED that Defendants' objection to the Report and Recommendation (ECF No. 35) is overruled.

IT IS FURTHER ORDERED that the Clerk of Court is directed to terminate Plaintiff's "motion for defense and motion of objection to all of the [Defendants'] points of authority for concerning their [Defendants'] notice of motion and motion to dismiss complaint" (ECF No. 30).

DATED: March 10, 2017

**WILLIAM Q. HAYES**
United States District Judge